UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

GET SMOKED, INC.

      Plaintiff,

v.   CASE NO.:

PATRICIA McNEILL,
An individual residing in Florida
d/b/a "TAMPA BAY TRADERS."

      Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, Get Smoked, Inc., by and through undersigned counsel, and hereby files this Complaint against Patricia McNeill d/b/a "Tampa Bay Traders" for copyright infringement, trademark infringement, and unfair competition under federal and state law as follows:

1. This is an action for an award of damages and for injunctive relief arising from violations of the Lanham Act, 15 U.S.C. §1125(a)(unfair competition/trademark infringement), 17 U.S.C. §501 (copyright infringement), and for unfair competition under Florida common law.

2. Plaintiff is a Florida corporation with a principal place of business at 924 Bunker View Drive, Apollo Beach, Florida 33572.

3. Defendant Patricia McNeill is an individual who upon information and belief does business as "Tampa Bay Traders" throughout the state of Florida and within this Judicial District, and who has an address of 14425 Donavan Court, Springhill, Florida 34610.

4. This Court has federal question jurisdiction over the controversy pursuant to 28 U.S.C. §1331 because portions of this claim arise pursuant to federal statutes 15 U.S.C. §1125(a)

1

and 17 U.S.C. §501.  This Court also has supplemental jurisdiction over the non-federal question claims pursuant to 28 U.S.C. §1367 because those claims are interrelated to the federal claims.

5.   Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)(1)(2) as the Defendant resides in this District and a substantial portion of the events giving rise to the claims asserted herein occurred in this District.

## FACTUAL ALLEGATIONS

6.   The Plaintiff is in the highly competitive business of designing, producing and selling outdoor sports themed apparel featuring unique and original designs, logos, illustrations and slogans.

7.   Through many years of endeavor, the Plaintiff has authored, designed, and/or acquired numerous highly successful designs for its apparel.

8.   Plaintiff markets those products under its "GET SMOKED" common law trademark, and the mark has come to identify Plaintiff as the source of high quality outdoor sports themed apparel.

9.   The "GET SMOKED" trademark and the goodwill it represents are invaluable to Get Smoked's business and any infringement thereof is unacceptable.

10.   By virtue of its authorship and/or purchase of rights, Get Smoked is the owner of at least the following original works (hereinafter "Plaintiff's Copyrighted Designs") which are the subject of the corresponding United States Copyright Registrations:

- "Big Bully," U.S. Copyright Registration No. VAu000689909;
- "Bronze Bomber," U.S. Copyright Registration No. VA0001334297;
- "It's Good to be King," U.S. Copyright Registration No. VAu000689911;
- "Perfect Storm," U.S. Copyright Registration No. VAu000697273;
- "Reef Donkey," U.S. Copyright Registration No. VAu000689910;
- "Silver King, Smoking Section," U.S. Copyright Registration No. VA0001334296;
- "Smoker King," U.S. Copyright Registration No. VA0001361924;

- "Hoo's Next;" and
- "1-800 Ask Barry."

11. In or about March of 2012, Craig Engel, the owner of Get Smoked, came across certain t-shirts bearing Get Smoked's registered designs as well as its "GET SMOKED" trademark.  See Exhibit A.

12. Mr. Engel was immediately concerned because the items were being sold at a flea market outside of the ordinary channels of distribution for Plaintiff's goods.  In addition, Mr. Engel has long labored to maintain Plaintiff's reputation for quality goods and feared that having the "GET SMOKED" line of goods sold at a flea market could tarnish the brand's reputation.  As such, Mr. Engel immediately investigated the sale of the goods and determined that the goods being offered were not genuine "GET SMOKED" shirts and were infringements of Plaintiff's registered copyrights as well as of its "GET SMOKED" trademark.

13. In order to better investigate the suspicious goods being sold at the flea market, Mr. Engle purchased samples of the infringing goods for comparison with legitimate "GET SMOKED" apparel.  Upon inspection, Mr. Engle determined that the goods being sold at the flea market were of inferior quality and were not genuine "GET SMOKED" apparel.

14. Upon further investigation, Plaintiff has identified the Defendant Patricia McNeill d/b/a Tampa Bay Traders as the source of the infringing products.  Among the evidence available to the Plaintiff is the enclosed receipt showing Tampa Bay Traders as the retail source of the infringing goods.  See Exhibit B.  This is the receipt issued to Mr. Engel by the retailer at the flea market at the time that the infringing goods were first discovered and purchased.

15. The infringements were identical, or near identical, low quality replicas of Plaintiff's goods.

16. The infringements featured identical or near identical copies of the Plaintiff's "GET SMOKED" trademark as used in commerce by the Plaintiff.

17. The infringements featured identical or near identical copies of the Plaintiff's registered copyright designs.

18. Upon information and belief, the Defendant was aware of the Plaintiff's business, copyrights, and trademarks prior to the acts complained of herein.

19. Defendant's infringing acts were done willfully and in bad faith.

20. Defendant's acts are irreparably damaging the Plaintiff.

## COUNT I – COPYRIGHT INFRINGEMENT

21. The Defendant's above described acts of reproducing and selling goods bearing identical or near identical replicas of Plaintiff's Copyrighted Designs constitutes infringement under 17 U.S.C. §501.

22. Plaintiff has direct evidence of infringement of at least the "It's Good to be King," "Hoo's Next;" and "1-800 Ask Barry" copyrighted designs belonging to the Plaintiff.

23. Upon information and belief, the Plaintiff is reproducing other of Plaintiff's Copyrighted Designs for sale on other apparel and is thus involved in additional acts of infringement.

24. Defendant's infringing acts are willful.

25. Defendant's actions are damaging the Plaintiff and causing irreparable harm to the Plaintiff, and will continue absent immediate Court intervention.

26. Plaintiff is entitled to and seeks, at its election any time before judgment, either its actual damages or statutory damages of $150,000.00 per act of infringement as set out in 17 U.S.C. §504.

27. Should Plaintiff elect statutory damages, Plaintiff is entitled to an award of enhanced damages under 17 U.S.C. §504(c)(2) because the Defendant's acts were willful in nature.

28. Plaintiff is entitled to and seeks an award of attorneys' fees and costs pursuant to 17 U.S.C. §505.

29. Plaintiff is entitled to and seeks the issuance of an injunction prohibiting the Defendant from further acts of infringement pursuant to 17 U.S.C. §502.

30. Plaintiff is entitled to and seeks the entry of an order that all infringing products be impounded and destroyed.

## COUNT II – TRADEMARK INFRINGEMENT/UNFAIR COMPETITION
## UNDER THE LANHAM ACT

31. Plaintiff is the owner of the inherently distinctive common law trademark "GET SMOKED," which the Plaintiff uses in commerce in connection with the production and sale of clothing and apparel.

32. The Plaintiff's Mark serves as an indicator of the source of Plaintiff's goods.

33. The Defendant is selling goods bearing identical or near identical replicas of Plaintiff's "GET SMOKED" trademark.

34. Defendant's acts are likely to cause confusion among the consuming public.

35. Defendant's acts are wrongful and constitute unfair competition under 15 U.S.C. 1125(a).

36. Defendant's actions are damaging the Plaintiff and causing irreparable harm to the Plaintiff, and will continue absent immediate Court intervention.

## COUNT III – TRADEMARK INFRINGEMENT/UNFAIR COMPETITION
## UNDER FLORIDA LAW

37. Plaintiff is the owner of the inherently distinctive common law trademark "GET SMOKED," which the Plaintiff uses in commerce in connection with the production and sale of clothing and apparel.

38. The Plaintiff's Mark serves as an indicator of the source of Plaintiff's goods.

39. The Defendant is selling goods bearing identical or near identical replicas of Plaintiff's "GET SMOKED" trademark.

40. Defendant's acts are likely to cause confusion among the consuming public.

41. Defendant's acts are wrongful and constitute unfair competition under Florida law.

42. Defendant's actions are damaging the Plaintiff and causing irreparable harm to the Plaintiff, and will continue absent immediate Court intervention.

WHEREFORE, Plaintiff respectfully requests judgment in its favor and against the Defendant as follows:

- Judgment for Plaintiff's actual damages associated with the infringement of its "GET SMOKED" trademark, and its damages (either actual or statutory, to be elected prior to final judgment) associated with infringement of its original copyrighted designs;

- Temporary and permanent injunctions barring the Defendant from the further creation, sale, or distribution of any infringing products;

- An Order that any now existing infringing products be impounded and destroyed; and

- An Order require the Defendant to identify the source from which it acquired the infringing goods.

Dated: July 26, 2012

                    Respectfully submitted,

         By:  _s/GUSTAVO SARDIÑA__
               Gustavo Sardiña
               Florida Bar No. 31162
               THE LAW OFFICE OF GUSTAVO SARDIÑA, P.A.
               2655 LeJeune Road, Suite 500
               Coral Gables, Florida 33134
               gustavosardina@gmail.com
               (305) 909-4405
               **Attorneys for Plaintiff**