**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GET SMOKED, INC.,

    Plaintiff,

v.                                         Case No: 8:12-cv-1697-T-30MAP

PATRICIA MCNEILL a/k/a PATRICIA
MILLER d/b/a TAMPA BAY TRADERS,
GLOBAL IMPRESSIONS, INC and
DOWLING GRAPHICS, INC.,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon the Plaintiff's Motions for Summary Judgment against Patricia McNeill a/k/a Patricia Miller d/b/a Tampa Bay Traders and Global Impressions, Inc. (Dkts. #52 & 53) and Defendants' Responses and Memorandums of Law in Opposition (Dkts. # 63 & 64). Upon review and consideration, it is the Court's conclusion that the Motions should be denied.

### *Background*

This is a trademark and copyright infringement action. Plaintiff, Get Smoked, Inc.[1] ("GSI") sues Defendants Patricia McNeil a/k/a Patricia Miller d/b/a Tampa Bay Traders

---

[1] Get Smoked, Inc. is a dissolved corporation whose assets were transferred to South Shore Apparel, LLC. Dissolution of a corporation does not "[p]revent commencement of a proceeding by or against the corporation in its corporate name." *Levine v. Levine*, 734 So. 2d 1191, 1196 (Fla. 2d DCA 1999) (citing § 607.1405(2)(e), (f), Fla. Stat.).

("Miller") and Global Impressions, Inc. ("Global"), collectively referred to as the "Defendants," for copyright infringement under 17 U.S.C. §501, unfair competition and trademark infringement under the Lanham Act, 15 U.S.C. §1125(a), and unfair competition under Florida law. GSI requests a permanent injunction to prevent further infringement and its attorney's fees.

GSI is in the business of designing, producing and selling outdoor sports themed apparel, specifically t-shirts, featuring designs, logos, illustrations, and slogans. GSI markets these materials under its "Get Smoked" trademark. The original works at issue in this case are for the following slogans and associated designs: "It's Good to be King," U.S. Copyright Registration No. VAu000689911; "Hoo's Next;" and "1-800 Ask Barry." The slogans are accompanied by pictures of various fish along with other illustrations and words that make up the design.

GSI uses the aforementioned designs, logos, illustrations, and slogans for use on "transfers." Transfers are copies of the designs on special paper which allows the design to be pressed onto a t-shirt using heat. GSI contracted with different companies to produce the transfers, and then used those transfers to press the design onto t-shirts. It then sells the t-shirts to retail companies and on its website. GSI did not sell its transfers to third parties, it only sold printed t-shirts.

On February 11, 2012, Craig Engel, the president of GSI, photographed several t-shirts and purchased a t-shirt bearing GSI's designs and trademark at the Tampa Bay Traders booth at the Wagon Wheel flea market. The specific designs at issue are referred to as "It's Good to be King," "Hoo's Next" and "1-800-Ask-Barry." GSI contends that it

2

did not authorize Tampa Bay Traders to sell its t-shirts and that it never sells its products at flea markets. GSI brings this action on the premise that Global manufactured the unauthorized transfers for those t-shirts through use of high quality digital copies of the logos and designs in its possession and that Miller sold the infringing products at the flea market through her company Tampa Bay Traders.

## *Discussion*

### I. **Legal Standard**

Motions for summary judgment should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no genuine issue of material fact." *Id.* at 248. The substantive law of the claimed causes of action will determine which facts are material. *Id*.

All evidence must be examined in the light most favorable to the non-movant and all inferences must be drawn in his or her favor. *Id.* at 255. Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and

admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## II. Plaintiff's Motion for Summary Judgment

Plaintiff moves for summary judgment against Global and Miller on the following bases: (1) Defendants engaged in copyright infringement when Global manufactured the apparel and Miller sold the apparel, (2) GSI owns a valid copyright on each of the designs infringed upon, (3) Defendants copied the original elements of GSI's copyrighted works, (4) GSI is entitled to statutory damages in the amount of $450,000, (5) GSI has proven its claim for unfair competition under the Lanham Act, (6) GSI has proven its claim for unfair competition under Florida Law, and (7) GSI is entitled to a permanent injunction.

## III. Copyright Infringement Claim

To establish a prima facie case of copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1232-33 (11th Cir. 2010) (*citing Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 1296, 113 L.Ed.2d 358 (1991).

Copyright protection attaches at the time of an author's creation of an original work susceptible to copyright under 17 U.S.C. § 102(a). However, "an owner's cause of action for infringement of that copyright is unenforceable until compliance with the formalities of registration, including payment of fees and deposit of copies of the work, is shown." *Donald Frederick Evans & Associates, Inc. v. Cont'l Homes, Inc.*, 785 F.2d 897, 903 (11th

Cir. 1986) (citing 17 U.S.C. § 411.9). "Ownership is also demonstrated through such compliance." *Id*.

### a. Ownership of Valid Copyrights

To satisfy the first prong of *Feist Publ'ns, Inc*., a plaintiff must prove that the work "is original and that the plaintiff complied with applicable statutory formalities." *Latimer,* 601 F.3d at 1232-33 (citations and quotations omitted). In a judicial proceeding, a "certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). Once the plaintiff produces a certificate of registration, the burden shifts to the defendant to establish that "the work in which [the] copyright is claimed is unprotectable (for lack of originality)." *Latimer*, 601 F.3d at 1233.

It is undisputed that GSI has shown that it registered a copyright for the slogan and design "It's Good to be King." However, there is no evidence of copyright registration for the other two designs. GSI argues that it may still maintain an action for those designs because it can show "personal authorship, a transfer of some rights, or other relationship between the author and the plaintiff evidencing ownership." *Feist Publ'ns, Inc*. 499 U.S. at 361. However, GSI must still adhere to the statutory requirement of registering its copyright to maintain this action against the Defendants.  GSI has produced no evidence to support its compliance with the statute as to those two designs. Therefore, the Court will only consider whether the Defendants have infringed upon the copyright for the "It's Good to be King" design.  Defendant presents no evidence that the work is not original or

5

otherwise incapable of protection under the copyright laws. Based on the foregoing, GSI has adequately demonstrated the ownership of a valid copyright as to the slogan and design "It's Good to be King" for purposes of summary judgment.

### b. Copying and Distributing of Copyrighted Work

To satisfy the second prong of *Feist Publ'ns, Inc.*, a plaintiff must establish facts that the alleged infringer actually copied plaintiff's copyrighted material. *Latimer*, 601 F.3d at 1233. Manufacture, distribution or sale of copyrighted work infringes on the owner's right in the work. 17 U.S.C.A. §§ 106, 501. *See also United Feature Syndicate, Inc. v. Sunrise Mold Co., Inc.*, 569 F. Supp. 1475 (S.D. Fla. 1983). The copyright owner does not need to prove that the defendant had any knowledge or intent to establish liability for copyright infringement. *Playboy Enterprises, Inc. v. Starware Pub. Corp.*, 900 F. Supp. 433, 436 (S.D. Fla. 1995).

To prove actionable copying, the plaintiff must first establish that the alleged infringer actually used the copyrighted material to create his own work. *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996) (internal quotations omitted). The plaintiff may prove copying either by direct evidence of the copying or through indirect evidence in the form of proof of "striking similarity" to the copyrighted work or access and "substantial similarity" to the copyrighted work. *Baby Buddies, Inc. v. Toys R Us, Inc.*, 611 F.3d 1308, 1315 (11th Cir. 2010).

GSI argues that the designs attached as photographs to the Declaration of Craig Engel, the president of GSI, satisfies the second prong. Engel attests to the similarity of the slogans and designs in the photographs of the t-shirts displayed at the Tampa Bay Traders

booth attached to the Declaration and GSI's designs. He notes that the designs on the t-shirts are GSI's designs, but that the t-shirts are of a lesser quality than those sold by GSI.

As to Global, the evidence shows that a separate corporate entity, New Star, LLC, ("New Star") used Global's equipment to make transfers for GSI pursuant to a contract. New Star is a company formed by two individuals: the son of the president of Global and a graphic artist who previously produced designs for GSI. Global allowed New Star to use its equipment to produce transfers for GSI pursuant to a verbal agreement. GSI was dissatisfied with the quality of the transfers and terminated its agreement with New Star. GSI did not retrieve the unused printed transfers. Therefore, Global had access to the copyrighted material. However, Global denies printing the transfers bearing the designs, being in possession of the transfers, selling the transfers or using the transfers to make the t-shirts at issue.

Further, the evidence shows that the other Defendant, Dowling Graphics, LLC, also had access to the design at issue. Its owner Larry Dowling had an ongoing business relationship with Tampa Bay Traders. These facts raise a genuine dispute of material fact as to who in fact "copied" the design and made the transfers used to create the t-shirts that Tampa Bay Traders sold at the flea market. Therefore, the Court must deny GSI's summary judgment as to its claim for copyright infringement as to Global.

As to Miller, GSI makes substantially the same arguments except that Miller's liability derives from owning and operating Tampa Bay Traders, which sold the infringing t-shirts at its booth at the flea market. Miller argues that she was not the owner of Tampa Bay Traders at the time of the infringement. Her husband owned and operated Tampa Bay

7

Traders until his death on October 28, 2011. Her husband had employees who ran the operations of the booth at the flea market and those employees were primarily responsible for the business operations after her husband's death. She asserts that she physically took over the flea market booth operations on February 25, 2012, and registered the fictitious name of the business in her name on September 21, 2012. She stated that she ceased selling the infringing t-shirts once "she came into control of Tampa Bay Traders." Therefore, she argues that she could not be responsible for sales of any products that may have infringed upon the copyrighted work.

It is undisputed that Tampa Bay Traders sold T-shirts bearing the "It's Good to be King" slogan and design on February 11, 2012, and that Miller had access to the proceeds from the sales after her husband's death. Miller does not dispute that the design on the "It's Good to be King" t-shirt displayed at the booth is substantially similar to GSI's. Although Miller's argument that she did not know about the infringing products fail as a matter of law, the issue is whether Miller did in fact own and operate Tampa Bay Traders at the time of the infringing sales. The evidence in the record suggests that Miller's deceased husband owned his property in the form of a trust, but the trust agreement is not before the Court. Further, there is no evidence or legal argument regarding the legal process by which the business transferred to Miller upon her husband's death.

Viewing the facts in the light most favorable to Miller, the Court concludes that it does not have sufficient evidence before it to determine as a matter of law that Miller is directly liable for infringement and a fact issue exists as to whether Miller owned and

operated the booth at the time of the infringing sales. Therefore, the Court denies GSI's summary judgment as to its copyright claim against Miller.

### IV. Trademark Infringement under the Lanham Act and Florida Law

To establish a prima facie case under the Lanham Act provision prohibiting infringement of an unregistered trademark or service mark, a plaintiff must show: (1) that the plaintiff had enforceable rights in the mark or name, and (2) that the defendant made unauthorized use of it "such that consumers were likely to confuse the two." Lanham Act, § 43(a), 15 U.S.C.A. § 1125(a); *Crystal Entm't & Filmworks, Inc. v. Jurado*, 643 F.3d 1313 (11th Cir. 2011). "The analysis of liability for Florida common law trademark infringement is the same as under the Lanham Act." *PetMed Express, Inc. v. MedPets.Com, Inc.,* 336 F. Supp. 2d 1213, 1218 (S.D. Fla. 2004) (citing *Gift of Learning Found., Inc. v. TGC, Inc*., 329 F.3d 792, 802 (11th Cir. 2003).

Although the trademark infringement claim has different elements than the copyright claims, the same factual disputes prevent the Court from entering summary judgment in Plaintiff's favor. Since Plaintiff must prove as a matter of law that the Defendants used the mark in an unauthorized way, it has to produce undisputed evidence that Global created, used, or sold unauthorized transfers bearing the trademark and that Miller owned and operated Tampa Bay Traders during the relevant period to show direct liability for the infringement. GSI is unable to prove as a matter of law that Miller and Global engaged in the unauthorized use of the trademark given the factual issues that remain. Therefore, the Court denies GSI's summary judgment as to these claims.

*Conclusion*

Although GSI has shown that the t-shirts displayed at the Tampa Bay Traders booth at the flea market contained one of its copyrighted designs, a fact issue remains as to whether Global and Miller are responsible for the sale of those infringing products. Although transfers of the "It's Good to be King" slogan and design were manufactured at Global's facilities, New Star LLC had the contract to produce those goods for GSI. There remains factual issues as to whether Global used or sold those transfers to Tampa Bay Traders, especially since another company also had access to the slogan and design. There are also factual disputes regarding whether Miller owned and operated Tampa Bay Traders during the relevant period to make her directly responsible for the sale of the infringing items and the evidence is insufficient to prove as a matter of law that Global and Miller are responsible for the trademark infringement. Therefore, the Court denies GSI's Motion for Summary Judgment.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motions for Summary Judgment (Dkt. #52 & 53) are DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 3rd day of February, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2012\12-cv-1697 msj 52 53.docx