**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

GET SMOKED, INC.,

    Plaintiff,

v.                                                     Case No: 8:12-cv-1697-T-30MAP

PATRICIA MCNEILL aka PATRICIA
MILLER dba TAMPA BAY TRADERS
and GLOBAL IMPRESSIONS, INC.,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon the Plaintiff's Motion for Attorney's Fees and Costs (Dkt. #105) and Defendant Patricia Miller's Response in Opposition to the Motion (Dkt. #112); Defendant Global Impression's Amended Motion and Memorandum of Law for Costs and Attorney's Fees (Dkt. #106), Plaintiff's Response in Opposition to the Motion (Dkt. #111); and Plaintiff's Motion to Strike Defendant Miller's Response and Memorandum of Law in Opposition to Plaintiff's Motion for Attorney's Fees and Costs (Dkt. #113) . Upon review and consideration, the Court concludes that the motions should be denied.

### *Background*

Plaintiff, Get Smoked, Inc. filed its complaint against Patricia McNeil a/k/a Patricia Miller d/b/a "Tampa Bay Traders" ("Miller") and Global Impressions, Inc. ("Global") for

copyright and trademark infringement and unfair competition under the Lanham Act and Florida law. Miller sold t-shirts bearing Plaintiff's trademarked and copyrighted images at a flea market stand under the fictitious name "Tampa Bay Traders." Plaintiff alleged that Global created and sold t-shirt transfers containing the copyrighted and trademarked images and phrases which Tampa Bay Traders used to create the infringing t-shirts. The Court held a bench trial; granted Global's oral Motion to Dismiss, and found Miller liable for copyright and trademark infringement. The Court granted Plaintiff $1,000 in statutory damages. Plaintiff and Global both seek $25,000 in attorney's fees and costs pursuant to 17 U.S.C. § 505.

*Discussion*

I.      **Legal Standard**

In copyright cases, the decision to award attorneys' fees is within the sound discretion of the court. 17 U.S.C. § 505 ("[T]he Court in its discretion may allow the recovery of full costs by or against [a] party ... [and] may also award a reasonable attorney's fee to the prevailing party as part of the costs."); *Cable/Home Commc'ns Corp. v. Network Prods., Inc.*, 902 F.2d 829, 853 (11th Cir. 1990). In deciding whether to award fees, a court should consider: (1) whether the position of the losing party was frivolous or objectively unreasonable, (2) the losing party's motivation in litigating the action, and (3) the need to advance considerations of compensation and deterrence. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n. 19, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). With respect to the award of attorney's fees under Section 505, prevailing plaintiffs and prevailing defendants must be "treated alike...." *Id.* at 534.   These factors are nonexclusive and "[t]here is no precise rule

2

or formula for making these determinations[.]" *Id*. In balancing these factors, the Eleventh Circuit has stressed that a court should not consider the issue of whether the losing party can afford to pay the prevailing party's fees but instead must focus on whether an award of fees will further the goals of the Copyright Act. *See Mitek Holdings, Inc. v. Arce Eng'g Co., Inc.*, 198 F.3d 840, 842 (11th Cir. 1999).

## II. Global's Fee Request

Plaintiff asserted that Global was liable for copyright infringement because it had access to the copyrighted images and provided those images to Miller to put on the t-shirts. Ultimately, at trial, the Court found that the evidence did not support this allegation. Although the evidence demonstrated that Global's printers had copies of the copyrighted images, the Court ultimately found Global's corporate representative's testimony credible when he indicated that Global's printer did not print the infringing goods. Accordingly, although Plaintiff ultimately did not prevail on its copyright claim against Global, its claims were not objectively unreasonable. There is no evidence that Plaintiff pursued this claim against Global in bad faith. Further, granting attorney's fees under these circumstances would not further the goals of the Copyright Act. Therefore, the Court denies Global's motion for attorney's fees. *See Klein & Heuchan, Inc. v. CoStar Realty Info., Inc.*, 8:08-CV-1227-T-30EAJ, 2011 WL 6097980, at *2 (M.D. Fla. Dec. 7, 2011) (denying attorneys' fees where case involved credibility determinations made at trial) (citing *Maxwood Music Ltd. v. Malakian*, 722 F.Supp. 2d 437, 439 (S.D.N.Y. 2010)).

### III.     Plaintiff's Fee Request

Miller contested Plaintiff's claims of infringement on the basis that her deceased husband primarily controlled the Tampa Bay Traders flea market booth and that she was without knowledge as to the existence of the t-shirts and the infringing images on them prior to his death. She also argued that the Tampa Bay Traders business was possibly part of a trust at the time of the infringing sales, and argued that even if the trust or her husband may have been liable for copyright infringement, she was an innocent retailer and did not intentionally violate any of Plaintiff's copyrights. Further, upon being contacted by Plaintiff's counsel, she immediately removed the products from sale at the flea market and offered to turn over all of the infringing t-shirts. Plaintiff refused to accept them and proceeded with the case to trial.

Under these circumstances, Miller's defenses were not objectively unreasonable. There is no evidence that Miller acted in bad faith in raising her defenses and awarding Plaintiff's attorney's fees under these circumstances would not advance the purposes of the Copyright Act. Therefore, the Court denies Plaintiff's request for attorney's fees.

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Attorney's Fees and Costs (Dkt. #105) is DENIED.
2. Defendant Global Impression's Amended Motion and Memorandum of Law for Costs and Attorney's Fees (Dkt. #106) is DENIED.

3. Plaintiff's Motion to Strike Defendant Miller's Response and Memorandum of Law in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. # 113) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 6th day of January, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2012\12-cv-1697 fees and costs 105 106.docx